**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-5075**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

EVGENIA A. POPRAVKA,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Jerome B. Friedman, District
Judge.  (2:07-cr-00219-JBF-FBS-3)

───────────

Submitted:  April 8, 2009          Decided:  April 27, 2009

───────────

Before MICHAEL, TRAXLER, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Steven A. Morley, MORLEY, SURIN & GRIFFIN, P.C., Philadelphia,
Pennsylvania, for Appellant.  Dana J. Boente, Acting United
States Attorney, Stephen W. Haynie, Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Evgenia Popravka was found guilty, following a jury trial, of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2006), and fraudulently entering into a marriage for the purpose of evading the immigration laws of the United States, in violation of 8 U.S.C. § 1325(c) (2006). The district court sentenced her to time served, which was approximately seven months of imprisonment, followed by two years of supervised release. The court also imposed a $200 special assessment and $100,000 in restitution to the U.S. Navy. Popravka now appeals.

Popravka's sole claim on appeal is that there was insufficient evidence presented at trial for the jury to conclude that she entered into a marriage for the "purpose of evading any provision of the immigration laws." 8 U.S.C. § 1325(c). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether

2

the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

"To convict an alien of marriage fraud [under 8 U.S.C. § 1325(c)], the Government must prove: (1) the alien knowingly entered into a marriage; (2) the marriage was entered into for the purpose of evading a provision of the immigration laws; and (3) the alien knew or had reason to know of the immigration laws." United States v. Islam, 418 F.3d 1125, 1128 (10th Cir. 2005); see also United States v. Chowdhury, 169 F.3d 402, 405-06 (6th Cir. 1999). After reviewing the record in the light most favorable to the Government, we conclude there was more than sufficient evidence in this case for a reasonable finder of fact to conclude, beyond a reasonable doubt, that Popravka engaged in marriage fraud in violation of 8 U.S.C. § 1325(c).

Accordingly, we affirm Popravka's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED